636 S.E.2d 624

**In the Matter of Robert E. LEE, Respondent.**

**No. 26211.**

Supreme Court of South Carolina.

Submitted Aug. 29, 2006.

Decided Oct. 9, 2006.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Kevin M. Barth, of Ballenger, Barth & Hoefer, L.L.P., of Florence, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand or definite suspension not to exceed two (2) years. We accept the Agreement and definitely suspend respondent from the practice of law in this state for one hundred and eighty (180) days. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent was admitted to the practice of law in South Carolina in 1991. He was employed as a shareholder in a law firm (the Firm) primarily engaged in representing clients

insured by liability insurance companies. The client in the cases mentioned hereafter was insured by an insurance carrier that paid the Firm the fees, costs, and expenses of the defense afforded to the insured client.

On approximately nineteen occasions between November 9, 2004, and August 13, 2005, respondent over billed the insurance carrier by including or causing to be included in its billing statement attorneys fees for traveling to depositions held out of town when, in fact, respondent knew he had participated in the depositions by telephone at the Firm's office. In addition, respondent over charged the insurance carrier for costs by billing the carrier for mileage for traveling to the depositions on approximately seventeen of the nineteen occasions.[1]

The overcharges came to light when respondent's secretary expressed concerns to the Firm's office manager who, in turn, reported the concerns to the Firm's senior partner. The senior partner confronted respondent about the overcharges. When confronted, respondent was immediately candid about the overcharges.

Upon discovering respondent's misrepresentation, the Firm reviewed its files and determined the overcharges had occurred in three files, all for the same client insured by the same insurance carrier. The Firm estimated the amount of fees and costs over billed by respondent were $10,279.40.[2] Thereafter, the senior partner made arrangements to meet with respondent, respondent's counsel, and ODC.

The next day, respondent, his counsel, and the senior partner met with ODC. Respondent reported his misconduct. Immediately upon returning to the Firm's office after the meeting, respondent wrote a personal check to the Firm in the amount of $10,279.40 which was to be paid by the Firm to the insurance carrier to reimburse it for the overcharges.

With respondent's assistance, the Firm compiled a complete and thorough report documenting respondent's misconduct. Respondent and the senior partner signed the report, certify-

---

1. ODC does not contend respondent personally benefited from the overcharge of the mileage expense.

2. Respondent agrees this amount is correct.

ing it to be correct and accurate. The report was promptly furnished to ODC.

The following day, at respondent's expense, respondent and the senior partner traveled out of state to the home office of the insurance carrier. Respondent personally reported his misconduct and promised to provide the carrier with a copy of the report prepared for ODC.[3] The Firm paid the carrier $10,279.40 without any preconditions or requests for a release.

With knowledge of the foregoing, the insurance carrier has continued to refer files for defense of its insured to the Firm and to respondent for defense and, in fact, has given respondent permission to continue working on the three files in which the overcharging occurred and on new files. The Firm, however, has not allowed respondent to directly bill the insurance carrier and, instead, has had a shareholder review billing information complied by respondent prior to statements being submitted to the carrier.

Respondent has no previous disciplinary history. To the best knowledge, information, and belief of ODC, respondent has been fully forthcoming in responding to questions about his misconduct to the Firm, the insurance carrier, and Disciplinary Counsel and has fully cooperated with its investigation.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.5 (lawyer shall charge reasonable fees); Rule 4.1 (in the course of representing a client, lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 5.3 (with respect to a non-lawyer employee, lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with professional obligations of the lawyer); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects);

---

3. The report was subsequently provided to the insurance carrier.

Rule 8.4(c) (lawyer shall not commit a criminal act involving moral turpitude); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (lawyer shall not engage in conduct tending to bring legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (lawyer shall not violate the oath of office).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for one hundred and eighty (180) days. Prior to his readmission, the Committee on Character and Fitness shall determine whether respondent has the requisite character and fitness to practice law in this state. *See* Rule 32, RLDE, Rule 413, SCACR. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.