639 S.E.2d 679

**In the Matter of Sally G. CALHOUN, Respondent.**

No. 26245.

Supreme Court of South Carolina.

Submitted Nov. 14, 2006.

Decided Jan. 8, 2007.

Rehearing Denied Jan. 31, 2007.

---

Henry B. Richardson, Jr., Disciplinary Counsel and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Sally G. Calhoun, of Beaufort, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to

Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### *Facts*

In May 2005, Nationwide Appraisal contacted respondent to retain her services as closing attorney to handle the closing of a home equity line of credit for a client. The closing occurred on May 9, 2005, at respondent's office. Respondent received the closing documents and instructions from Nationwide Appraisal either the day before or the day of the closing. Respondent did not prepare the closing documents or perform the title exam nor does she know the identity of the person who did so. Respondent assumed that person was an attorney licensed in South Carolina or was supervised by such an attorney; however, she admits she took no affirmative action to verify this information.

Prior to the closing, respondent reviewed the closing documents for accuracy. In addition, she advised the client at the closing that the scope of her representation was limited to reviewing the closing documents, explaining them to the client and ensuring that the documents were properly executed. Further, respondent reviewed the documents with the client and ensured that the necessary documents were properly executed per Nationwide Appraisal's instructions. Respondent forwarded the closing documents to the lender, but did not record the mortgage for the client nor take any steps to ensure that someone else properly recorded the mortgage. Respondent again assumed that a licensed South Carolina attorney, other than herself, was responsible for recording the mortgage; however, she took no affirmative action to verify that such action was taken.

Nationwide Appraisal paid respondent $200 for her services a few weeks after the closing; however, the HUD–1A Settlement Statement executed at the client's closing does not reflect a payment to respondent. The Settlement Statement does include a charge of $175 to Nationwide Appraisal for a

settlement or closing fee, as well as a charge of $55 to GAC for an abstract or title search.[1]

Respondent has informed ODC that prior to the closing at issue, she handled several other closings for Nationwide Appraisal and those closings were handled in substantially the same manner as described above. ODC has no information that anyone involved in these closings suffered any harm as a result of respondent's conduct.

Respondent now recognizes that participating in "witness only" closings when no other South Carolina licensed attorney is involved has the effect of assisting in the unauthorized practice of law and constitutes a failure to carry out the responsibilities of a closing attorney as provided by previous directives of this Court. Respondent further recognizes that she did not provide her client with competent representation. She agrees her actions constitute misconduct under the Rules of Professional Conduct, Rule 407, SCACR. However, she maintains that, in the future, she will make every effort not to handle matters without first making herself familiar with the applicable guidelines and law. Finally, respondent, who has no prior disciplinary history, has been forthright and cooperative with ODC throughout this investigation.

### Law

Respondent admits that her conduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 5.5(b) (lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

---

1. Respondent does not know the identity of GAC.

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.