647 S.E.2d 218

**In the Matter of O. Doyle MARTIN, Respondent.**

**No. 26351.**

Supreme Court of South Carolina.

Heard May 29, 2007.
Decided June 25, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Keith M. Babcock, of Lewis and Babcock, of Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits the allegations therein constitute violations of the Rules of Professional Conduct, Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, and consents to the imposition of a six month suspension pursuant to Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests the suspension be made retroactive to the date of his interim suspension. *See In the Matter of Martin*, 371 S.C. 33, 637 S.E.2d 560 (2006). We accept the agreement and suspend respondent from the practice of law in this state for six months, retroactive to the date of his interim suspension.

## FACTS

The facts as set forth in the agreement are as follows. Respondent was indicted in federal court on thirty counts of mail fraud. The indictment resulted from respondent's allocation, at the direction of an officer of an insurance company for which respondent did defense work, of time and charges to several of the company's files on which the time billed had not been spent. Following indictment, respondent was placed on interim suspension. *See In the Matter of Martin, supra.*

However, the indictment has since been dismissed. Moreover, respondent represents that all of the time he billed to the company was in fact spent by him and computed at approved rates. He further represents he did not bill the company for any amounts he or his firm were not due for legal

services performed for the company. Respondent has consistently maintained preparation of the statements requested by the officer did not constitute misconduct because he was not charging the company for any amounts not due him or his firm by the company, and he was preparing the statements with the knowledge and at the direction of the officer.[1]  However, in hindsight, respondent recognizes the pro rata allocation of fees on his firm's statements to the company, although at the direction of the officer, at least gave the appearance that the officer was seeking to mislead someone or some entity to the detriment of one party or to the advantage of another.  Respondent states that, in the future, he will make every effort to have all of his statements accurately reflect the time and charges related to the referenced file.

## *LAW*

Respondent admits that the above allegations constitute a violation of the strict requirements of Rule 1.5 of the Rules of Professional Conduct, Rule 407, SCACR (a lawyer shall not charge or collect an unreasonable fee), which could be construed as a violation of Rules 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(e), RPC (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice) as well.  Finally, respondent admits the allegation would constitute grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for six months, retroactive to the date of respondent's interim

---

1.  It is not clear why the officer wanted respondent's time and charges allocated to other files respondent handled for the company.  The officer was terminated by the company based on alleged payments on fictitious claims generated by an adjuster in the State of Kentucky.  He subsequently pled guilty in federal court to a criminal offense related to his activities, but not related to the activities of respondent nor the averments in the indictment against respondent.

suspension. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

Prior to the submission of the agreement to this Court, respondent filed a Petition to Reconsider or Vacate and for Reinstatement in which he asked the Court to reconsider or vacate the interim suspension order and permit respondent to resume the practice of law. We deny the request to reconsider or vacate the interim suspension order as moot. With regard to respondent's request to be reinstated to the practice of law, he will first have to comply with the requirements of Rule 32, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur. PLEICONES, J., not participating.