669 S.E.2d 89

**In the Matter of Janis B. POWELL, Respondent.**

No. 26561.

Supreme Court of South Carolina.

Submitted Oct. 9, 2008.

Decided Nov. 10, 2008.

---

4. Lawyers Helping Lawyers shall file a copy of the signed contract with ODC.

116

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Irby E. Walker, Jr., of Conway, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. In addition, respondent agrees to pay the costs associated with the prosecution of this matter. We accept the agreement and issue a public reprimand. Within thirty (30) days of the date of this opinion, respondent shall pay costs of $535.98 to the Commission on Lawyer

Conduct. The facts, as set forth in the agreement, are as follows.

## *FACTS*

On March 16, 2006, respondent was retained by National Real Estate Information Services (NREIS) to serve as closing attorney for a home equity line of credit for Clients. The lender for the home equity line of credit was Countrywide Bank. Respondent did not prepare the closing documents and she took no affirmative action to verify the closing documents were prepared by or under the supervision of a licensed South Carolina attorney. Respondent did not conduct the title search; however, she represents that a licensed South Carolina attorney did conduct the title search for the closing. Respondent represents that, prior to the closing, she reviewed each and every document in the closing package.

Respondent represents that, at the closing, she advised Clients that she was neither representing Clients nor Countrywide. Respondent further explained to Clients that she did not examine the title to the property, that she did not prepare any of the closing documents, that she would not be supervising the disbursement of funds or the recording of documents, and that Clients could request the services of an attorney of their choice at their own expense to review the documents and/or attend the closing. After making these oral disclosures to Clients, respondent presented a document entitled "Hold Harmless Agreement" to Clients. Clients executed the document. Prior to the closing, Clients had no notice that the execution of the Hold Harmless Agreement would be a condition to proceeding with the closing and Clients did not consult with independent legal counsel. Respondent now recognizes that she was the closing attorney for the transaction involving Clients and she owed certain duties and responsibilities to Clients, in spite of the Hold Harmless Agreement executed by Clients.

At the closing, respondent ensured the necessary documents were properly executed per Countrywide's instructions. Afterwards, respondent shipped the closing documents by FedEx to NREIS. Respondent represents that she was subsequently notified by NREIS that the mortgage had been

recorded in the appropriate office in Beaufort County, however, respondent did not take any affirmative action to verify this assertion by NREIS nor did she ensure that the recording of the mortgage had been supervised by a licensed South Carolina attorney. Respondent further represents that she was subsequently notified by NREIS that the disbursements set forth in the HUD–1A Settlement Statement had been made in accordance with the Settlement Statement, however she did not take any affirmative action to verify this assertion by NREIS nor did she ensure that the disbursement of funds had been supervised by a licensed South Carolina attorney. Respondent admits that she received payment for her services from NREIS. The HUD–1A Settlement Statement lists NREIS as the Settlement Agent and reflects a charge of $400.00 to NREIS for settlement or closing fee.

The closing took place in Clients' home in South Carolina. According to the HUD–1A Settlement Statement, however, the place of settlement was Pittsburgh, Pennsylvania.

There is no evidence that anyone in Clients' closing suffered any harm as a result of respondent's conduct. However, respondent acknowledges she may not have provided Clients with competent representation. She agrees her actions constitute misconduct under the Rules of Professional Conduct, Rule 407, SCACR. Respondent represents that, in the future, she will make every effort not to handle matters without first making herself familiar with the applicable guidelines and law.

Respondent has been forthright and cooperative throughout this investigation. Respondent has no prior disciplinary history.

## LAW

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.8(h) (lawyer shall not make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement); Rule 5.5(a) (lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist

another in doing so); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct). Respondent acknowledges that her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay costs of $535.98 to the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.