[920 NYS2d 210]

In the Matter of GLENN O. GRAY (Admitted as GLENN OLIVER GRAY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 29, 2011

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Supreme Court of the State of South Carolina, by opinion No. 26602 (381 SC 406, 673 SE2d 442 [2009]) filed on February

17, 2009, suspended the respondent from the practice of law in that state for nine months for violations of rules 1.5 and 8.4 (a), (d) and (e) of the Rules of Professional Conduct, South Carolina Appellate Court Rules (hereinafter SCACR) rule 407, in addition to rule 7 (a) (1), (5) and (6) of the Rules for Lawyer Disciplinary Enforcement, SCACR rule 413, based on findings that the respondent engaged in improper billing as an associate while employed at his former law firm.

Charges of professional misconduct were brought against the respondent in June 2007, and a hearing was conducted before a Hearing Panel of the Commission on Lawyer Conduct on December 12, 2007.

As revealed in the Hearing Panel's findings of fact and conclusions of law, the respondent was admitted to the bar in South Carolina in 1989. He moved to New York and gained admission to the bar in New York in 1991 and New Jersey in 1990. In 2001, he returned to South Carolina and became an associate at Turner Padget Graham & Laney. Shortly before and after the respondent's employment was terminated at the law firm on February 4, 2004, billing and reimbursement irregularities were discovered by the law firm.

The respondent admitted to the factual allegations made against him. He fully cooperated with the Office of Disciplinary Counsel (hereinafter ODC). The Hearing Panel recommended a sanction of no more than 180 days of definite suspension. The ODC appealed and urged a harsher sanction.

The Supreme Court of the State of South Carolina, in its opinion No. 26602 filed on February 17, 2009, determined that the respondent's conduct warranted a harsher sanction than a 180-day suspension. The court found that "[r]espondent over a period of one year engaged in a pattern of conduct that was deliberate, purposeful, deceitful, and fraudulent. Not only did [r]espondent overcharge clients for his time, he also altered documents to falsify reimbursement expenses. Furthermore, . . . [he] never self-reported his misconduct to the ODC." (381 SC at 414, 673 SE2d at 446.)

The respondent has submitted a response in which he states that he accepts full responsibility for his actions in violating rules 1.5 and 8.4 (a), (d) and (e) of the Rules of Professional Conduct. He further states that he was suffering from a malady at the time, but has since made significant progress in overcoming such malady. He notes that he has served the terms of his suspension and complied with all conditions of the order of

suspension of the South Carolina court. Hence, he requests that no further action be taken against him by this Court.

Since the respondent has not demanded a hearing, there is no impediment to the imposition of reciprocal discipline at this juncture (*see* 22 NYCRR 691.3 [d]).

Under the circumstances of this case, the petitioner's application to impose reciprocal discipline is granted and the respondent is suspended from the practice of law for a period of one year based upon the discipline imposed upon him in South Carolina.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that the respondent, Glenn O. Gray, admitted as Glenn Oliver Gray, is suspended from the practice of law for a period of one year, commencing April 29, 2011, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of said period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Glenn O. Gray, admitted as Glenn Oliver Gray, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Glenn O. Gray, admitted as Glenn Oliver Gray, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Glenn O. Gray, admitted as Glenn Oliver Gray, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).