722 S.E.2d 805

**In the Matter of Glenn Oliver GRAY, Respondent.**

**No. 27097.**

Supreme Court of South Carolina.

Heard Jan. 24, 2012.

Decided Feb. 29, 2012.

526

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jason B. Buffkin, of West Columbia, for Respondent.

PER CURIAM.

In this attorney discipline matter, Respondent Glenn Oliver Gray was accused of misconduct, including the unauthorized practice of law, failure to communicate with a client, and failure to provide competent and diligent representation. A hearing was held before a panel of the Commission on Lawyer Conduct (the Panel) regarding the formal charges filed by the Office of Disciplinary Counsel (ODC). The Panel majority recommended that Respondent be publicly reprimanded. Re-

spondent requests that the Court accept the Panel recommendation. We concur with the Panel majority recommendation that Respondent be publicly reprimanded.

## I.

This Court placed Respondent on suspension for nine months in February of 2009. *In re Gray*, 381 S.C. 406, 673 S.E.2d 442 (2009) (imposing a nine month suspension for multiple rule violations for a pattern of excessive and fictitious client billing, including fictitious travel invoices and airline tickets).

## II.

## A.

### Client Matter

There is only one client complaint at issue in the current proceeding. Respondent negotiated a settlement on the client's behalf in connection with a dispute with an automobile dealership. In September 2008, the dealership forwarded a check payable to the client to Respondent with the request that he hold the check in trust. The dealership also informed Respondent that the check carried a payment hold which would be lifted when the client executed a general release agreement. Respondent drafted a general release agreement, and his client thereafter signed it. Respondent then forwarded the agreement to the dealership in late October of 2008.

For reasons that are disputed, the client's claim against the dealership lingered and was not promptly resolved. The evidence shows that Respondent was not diligent in concluding the client's claim against the dealership. Following Respondent's suspension from the practice of law in February 2009, he continued representing the client, merely for the purpose of concluding the matter. Respondent failed to inform his client or the dealership of his suspension from the practice of law. In September of 2009, upon learning that the client had not received the settlement funds, Respondent located the check and realized it was stale. Respondent contacted the dealership, as the client's attorney, and requested a new check.

Upon his receipt of the new check, Respondent forwarded it to the client. The matter was thus concluded.

According to Respondent, he failed to promptly conclude his client's claim and failed to notify his client of the suspension because he was distracted by his myriad of health issues. We find Respondent's testimony credible.

## B.

### Affidavit Matter

In connection with his 2009 suspension, Respondent was ordered to file an Affidavit of Compliance with this Court stating that he had complied with Rule 30, RLDE, Rule 413, SCACR.[1] Respondent filed an initial affidavit, dated March 4, 2009, and stating "I have not practiced law for three (3) years. I had no cases at the time of my definite suspension, so I have not notified any clients, courts, or opposing counsel of my suspension."

Respondent admitted this initial affidavit contained a false statement, but that he did not intend to mislead this Court or ODC. Respondent filed a corrected affidavit when the error was brought to his attention. ODC brought charges that the false affidavit constituted a violation of Rule 3.3 (candor towards the tribunal), but the Panel majority disagreed and recommended a dismissal of this charge. In this regard, ODC takes exception to the Panel report.

## III.

In recommending a public reprimand, the Panel majority found Respondent violated the following Rules of Professional Conduct: Rule 1.1 (competence), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 5.5(a) (unauthorized practice of law), Rule 7(a)(1) (violations of the Rules of Professional Conduct), and Rule 7(a)(5) (conduct tending to pollute the administration of justice). One Panel member recommends a letter of caution. In addition, the Panel recommends Respondent be ordered to pay the costs of this disciplinary action.

---

1. Specifically, Rule 30 requires notification to clients and opposing parties and the return of any client properties to the client.

The Panel considered only one aggravating factor: Respondent's disciplinary history, the nine month suspension noted above.

In mitigation, the Panel considered three factors: Respondent's serious health problems, his timely good faith effort to rectify the consequences of his inaccurate affidavit, and his cooperative attitude throughout the disciplinary proceedings. Regarding Respondent's health problems, the Panel considered Respondent's serious cardiac-related health issues, including several heart attacks and surgeries, and his testimony that during the relevant time period, he was depressed and receiving counseling.

Respondent takes no exception to the Panel report and recommendation. ODC takes exception to the Panel's finding regarding Rule 3.3 and Respondent's affidavit, and the Panel's recommended sanction. ODC seeks the imposition of a definite suspension.

## IV.

"The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court." *In re Boney,* 390 S.C. 407, 414, 702 S.E.2d 241, 244 (2010). This Court "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE, Rule 413, SCACR. A disciplinary violation by a lawyer must be proven by clear and convincing evidence. *In re Longtin,* 393 S.C. 368, 376–77, 713 S.E.2d 297, 302 (2011).

## V.

We find Respondent has committed misconduct in the respects identified by the Panel. Thus, we would find Respondent violated the following Rules of Professional Conduct: Rule 1.1 (competence), Rule 1.3 (diligence), Rule 1.4 (communication), and Rule 5.5 (unauthorized practice of law). Because of these underlying violations, we also agree with the Panel's findings that Respondent violated Rule 7(a)(1) (violations of the Rules of Professional Conduct) and Rule 7(a)(5) (conduct tending to pollute the administration of justice) of the Rules for Lawyer Disciplinary Enforcement.

530

■ We reject ODC's challenge to the Panel's rejection of the claim that Respondent violated Rule 3.3. We are simply not persuaded by clear and convincing evidence that Respondent intentionally misrepresented the status of his law practice in the affidavit. Moreover, we note that Respondent, upon realizing the inaccuracy in the statement, filed a corrected affidavit with this Court. Additionally, we commend Respondent for his proactive and continued treatment for his serious health issues. We are persuaded that Respondent's attention to his many health problems explains his delay in not concluding his client's claim prior to the February 2009 suspension. We further note that Respondent, while suspended for nine months, has not begun the process to seek readmission although almost three years has passed. This too, in our judgment, is largely explained by Respondent's focused efforts on his health problems. And finally, we find it to Respondent's credit that he has maintained a forthright and cooperative attitude with ODC throughout the proceedings.

■ We find the Panel's recommendation of a public reprimand is appropriate in this case. *See, e.g., In re Powell,* 380 S.C. 115, 669 S.E.2d 89 (2008) (publicly reprimanding attorney where attorney admitted violating several Rules of Professional conduct, including the unauthorized practice of law, in connection with a real estate closing in which no one suffered any harm as a result of attorney's misconduct); *In re Calhoun,* 371 S.C. 403, 639 S.E.2d 679 (2007) (publicly reprimanding attorney where attorney reviewed closing documents for accuracy, but did not record the mortgage or take any steps to ensure that anyone else had); *In re Boulware,* 366 S.C. 561, 623 S.E.2d 652 (2005) (publicly reprimanding attorney where attorney admitted failing to provide competent representation, inadequate explanations, lack of safekeeping of client funds, and the assistance of the unauthorized practice of law in connection with real estate transactions).

## VI.

We find Respondent has engaged in misconduct warranting a public reprimand. Accordingly, we hereby accept the Panel majority's recommendation and publicly reprimand Respon-

dent for his misconduct. Further, Respondent is ordered to pay the costs of the Panel proceedings.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.