21915

In the Matter of Raymond William SIFLY, Jr., Respondent.

(302 S. E. (2d) 858)

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. C. Havird Jones, Jr.*, Columbia, *for complainant.*

*Raymond W. Sifly, Jr., pro se.*

May 4, 1983.

*Per Curiam:*

This attorney disciplinary matter against Respondent, Raymond William Sifly, Jr., is before the Court as a result of the report of the Hearing Panel and of the Executive Committee of the Board of Commissioners on Grievances and Discipline.

The findings of fact contained in the Panel Report may be summarized as follows:

> 1. In representing Mr. and Mrs. Raymond Collier in a real estate lot line dispute, Respondent failed to timely except to the Master's Report as required by the *Code of Laws of South Carolina* (1976) § 15-35-120. He then failed to appear before the Circuit Judge for the hearing to approve the report.
>
> 2. Respondent accepted a $2,500 retainer from the Colliers ostensibly to pursue an appeal. When later confronted by the Colliers, Respondent acknowledged in writing that he had failed to timely file an appeal. To the Respondent's credit is the finding of fact that he offered to refund the retainer fee to the Colliers with no knowledge that his clients were in the process of filing a grievance with the Board. Refund has not been made.
>
> 3. Respondent was retained by another client to represent her interest with regard to a trust account which named her deceased husband as beneficiary. Respondent failed to thoroughly investigate the matter or communicate reasonably with his client. Because of his inaction significant funds were channeled out of the trust account and his client suffered additional costs and consternation.
>
> 4. Although no creditors were forced to utilize legal

remedies, Respondent drew 101 bad checks on his personal account over a period of about one year.

5. Respondent and his spouse were named defendants in a legal action which culminated in the rendering of a default judgment against them. Respondent was uncooperative and untrustworthy in negotiations to settle the matter without litigation. He failed to attend numerous hearings concerning the judgment.

6. Respondent failed at all levels to cooperate with the Board of Commissioners in the investigation of the Complaints.

The findings are well supported by the evidence and the Respondent Sifly has ignored the Panel and this Court by declining to appear before either the Panel or this Court after this Court issued a Rule to Show Cause giving him an opportunity to contest the findings and recommendations of both the Panel and of the Executive Committee. His neglecting to participate is entitled to substantial weight in determining the sanction. The ultimate responsibility for determining the final disposition of each disciplinary matter rests with this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). We concur in the findings of the Panel and of the Executive Committee, when they concluded that the Respondent engaged in conduct tending to pollute the administration of justice, bringing the Court and the legal profession into disrepute, and demonstrating unfitness to practice law. We are of the view that the appropriate sanction is disbarment.

It is, therefore, ordered that the Respondent, Raymond William Sifly, Jr., be disbarred and that he within five days of the notice of the filing of this Order, deliver his certificate to practice to the Clerk of the Supreme Court of South Carolina.

Incident to the handling of the matter for Mr. and Mrs. Raymond Collier, Respondent, in his signed Answer to the Complaint filed with the Board, asserted ". . . that twenty-five hundred ($2,500) dollars was received and is held by Respondent for the benefit of Mr. and Mrs. Collier pursuant to a written notice of May 5, 1981; . . ." According to Respondent's own admission, the Colliers are entitled to have this amount returned to them. It is, therefore, ordered that the Re-

spondent, Raymond William Sifly, Jr., within thirty days of notice of the filing of this Order return to Mr. and Mrs. Collier the sum of $2,500 in cash or certified check, and that he supply their signed receipt to the Clerk of this Court, and upon failure to so return the money admittedly due, he shall be subject to contempt of court proceedings.

DAVID W. HARWELL, A.J., not participating.