489 S.E.2d 924

**In the Matter of C. Lenoir STURKIE, Respondent.**

No. 24688.

Supreme Court of South Carolina.

Submitted July 29, 1997.

Decided Sept. 2, 1997.

C. Lenoir Sturkie, Columbia, pro se.

Henry B. Richardson, Jr., Columbia, Disciplinary Counsel.

PER CURIAM.

In this attorney disciplinary matter, respondent has admitted the allegations against him and the parties have entered into an agreement for disbarment. We accept the agreement and disbar respondent from the practice of law.

Respondent admits that he grossly mismanaged his law office and financial matters. He failed to adequately supervise his staff to ensure that client matters and funds were handled properly and efficiently, and commingled and misappropriated client funds during a five year period. Additionally, respon-

dent admits that he engaged in a continuous pattern of using the funds of one client to pay money owed to another client.

Specifically, respondent failed to properly supervise Patricia Shaw, a paralegal in his office, who misappropriated over $30,000 from a client and respondent's escrow account. When he discovered Shaw's actions, respondent failed to timely remedy a shortfall on a loan caused by Shaw's actions.

Respondent misappropriated $99,178.23 of client funds to further a business relationship with Scott Salter. He also commingled Salter's funds with his trust account funds.

In addition, $52,250 of client funds from respondent's escrow accounts were misappropriated by respondent to support a second business known as Atlantic Media Group. On one occasion, $285,432.82 in client funds was improperly deposited in an Atlantic Media Group account, but was subsequently returned to respondent's escrow accounts.

Respondent also placed money he had borrowed in his escrow account to cover the shortages. During a three year period, fifty-four checks from respondent's trust accounts were returned for non-sufficient funds. In addition, there were thirteen overdrafts on the accounts and twelve incidents of accounts with negative balances.

Finally, respondent's wife, an employee of the law firm, misappropriated $5,154.75 of client funds from an escrow account. These funds were used to pay personal debts.

By his actions, respondent has misappropriated client funds for his own use; failed to promptly deliver funds to clients or third persons who were entitled to the funds; failed to act with reasonable diligence and promptness in representing clients by failing to maintain the integrity of client accounts; failed to render a proper accounting regarding property of clients or third persons; and failed to make reasonable efforts to ensure that the conduct of a nonlawyer over whom he had direct supervisory authority was compatible with the respondent's professional obligations. In addition, respondent has committed acts reflecting adversely on his honesty, trustworthiness, and fitness as a lawyer; engaged in conduct involving moral turpitude; engaged in conduct involving dishonesty, deceit, and misrepresentation; engaged in conduct that is

prejudicial to the administration of justice; engaged in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute; and engaged in conduct demonstrating unfitness to practice law.

Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of the Rule for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR. In addition to all other requirements respondent must meet to be reinstated under Rule 413, SCACR, no petition for reinstatement shall be accepted until respondent had filed proof that he has made full restitution to all institutions and individuals who have lost money as a result of his misappropriation or mishandling of trust funds, to include restitution to the Lawyer's Fund for Client Protection for any payment it may make.

DISBARRED.