500 S.E.2d 486

**In the Matter of Benjamin C. WOFFORD, Respondent.**

No. 24785.

Supreme Court of South Carolina.

Heard April 21, 1998.

Decided May 11, 1998.

---

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for Disciplinary Counsel.

Benjamin C. Wofford, Columbia, pro se.

PER CURIAM:

In this disciplinary matter, respondent is charged with engaging in misconduct in violation of various provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (RLDE), and the Rules of Professional Conduct, Rule 407, SCACR.

## FACTS

In relevant part, the formal charges allege as follows:

### 1. *The McKinney Matter*

Respondent represented Gerald McKinney in a domestic relations action; Mrs. McKinney was represented by Attorney Douglas N. Truslow. The matter included the sale of jointly

owned property, netting approximately $160,740.55, which was placed into respondent's escrow account on or about December 17, 1996. The following day, the daily balance in the escrow account fell below the requisite amount of $160,740.55 and continued below this amount until December 26, 1996.

The balance again fell below this amount from January 6, 1997, until about February 1997, when the account was frozen pursuant to this investigation. Upon information and belief, respondent, or someone at his direction, misappropriated the McKinney funds, without knowledge or permission of Mr. McKinney, Mrs. McKinney, or Douglas Truslow.

### 2. *The Robertson Matter*

Bonnie M. Robertson refinanced a mortgage. At the closing on approximately November 20, 1996, respondent withheld the sum of $162,914.67 to pay off a prior construction mortgage. Subsequent to the closing, a dispute arose between Mrs. Robertson and her construction lender as to the amount of the payoff. Mrs. Robertson brought respondent a check for $4,794.97. Respondent was to hold all of these funds in escrow on Mrs. Robertson's behalf. Bank records for respondent's escrow account show a deposit of approximately $160,-000.00 on or about November 20, and $4,794.97 on or about November 21, 1996.

On January 14, 1997, Mrs. Robertson's construction lender commenced a foreclosure action regarding the construction mortgage. Mrs. Robertson retained another attorney who began contacting respondent to determine the status of the funds. Respondent failed to reply to the attorney's inquiries. On February 6, 1997, the attorney faxed respondent a letter demanding that he either deposit Mrs. Robertson's fund with his office or with the court pending a resolution of the foreclosure action. Respondent did not reply to this letter.

The daily balance in the escrow account fell below the requisite amount of approximately $162,914.67 on December 18, 1996, continued below this amount until December 26, 1996, and again fell below this amount from January 6, 1997, until the present. Upon information and belief, respondent misappropriated the approximate sum of $162,914.67.

### 3. *The Chicago Title Matter*

Chicago Title Insurance Company insured a number of closings which were to have been conducted in an appropriate manner by respondent. However, subsequent to the closing of respondent's trust account on the date of his interim suspension, Chicago Title established the following instances in which payoffs were not made:

(a) Waybright: the insured closing letter was issued April 18, 1995, and Respondent failed to make the required payoff of approximately $59,473.22, misappropriating same.

(b) Hester: the insured closing letter was issued January 23, 1997, and respondent failed to make the required three payoffs of approximately $169,729.03, misappropriating same.

(c) Phillips: the insured closing letter was issued January 3, 1997, and respondent failed to make the required payoff of approximately $6,129.69, misappropriating same. After being advised by her bank that her account was in arrears and no payments had been received, Mrs. Phillips attempted to contact respondent several times over a three week period; respondent failed to reply.

(d) Non-real estate transaction: regarding a settlement of approximately $54,600.00, respondent collected a fee of $13,-600, but the remaining funds, approximately $41,000, were not disbursed and misappropriated by respondent.

### 4. *The Laura Kellum Matter*

On October 15, 1996, respondent represented Laura Kellum at the closing of the sale of her home. In mid-November, Mrs. Kellum was contacted by the mortgage company and informed respondent had not paid off her mortgage. Mrs. Kellum's attorney and realtor contacted respondent about this matter. Eventually, Mrs. Kellum received money from the sale of her home, but did not receive any interest on sums withheld by respondent. Respondent offered no explanation for the unreasonable delay in making the payoff to the mortgage company.

### 5. *The John P. Dunmire Matter*

Mr. Dunmire retained respondent about July 1996 to represent him on the purchase of a lot. The closing was held on October 23, 1996, and Mr. Dunmire made his final payment in full, completing the sale on or about January 10, 1997. When Mr. Dunmire wrote his February 21, 1997, letter of complaint to the Commission, respondent had not provided Mr. Dunmire with the original mortgage, title, title insurance policy, or any of the other necessary documents to effect the closing. Repeated attempts by Mr. Dunmire to contact respondent went without reply.

### 6. *Escrow Account*

Bank records indicate Respondent's escrow account had a negative balance on twenty-two occasions in 1995, ranging from $-\$343.00$ to $-\$60,462.03$.

Respondent did not file an answer to the formal charges (or request an extension in which to do so or file any other motion). He did not appear at the hearing before the subpanel of the Commission on Lawyer Conduct (the Commission) and he filed no exceptions to the subpanel's report recommending he be disbarred. The full panel adopted the subpanel's report and recommendation. Respondent failed to appear for oral argument before this Court.

## DISCUSSION

Because he failed to answer the formal charges, failed to appear before the hearing panel, and failed to appear for oral argument before this Court, respondent is deemed to have admitted the factual allegations contained in the formal charges. Rule 24, RLDE.

We find, by his various instances of misconduct, respondent has violated Rule 7, RLDE, by violating the Rules of Professional Conduct, engaging in conduct tending to pollute the administration of justice or bring the court or legal profession into disrepute or demonstrating an unfitness to practice law, and violating his oath of office. Additionally, he has violated Rule 1.1 (failure to provide competent representation), Rule 1.4(a) (failure to keep clients reasonably informed about the status of matters and complying with reasonable requests for

information), Rule 1.2(a) (failure to consult with clients), Rule 1.3 (failure to act with reasonable diligence), Rule 1.15 (failure to promptly deliver funds to a third person, misappropriating client funds, and failure to promptly render a full accounting), Rule 8.4(b) (committing a criminal act which reflects adversely upon the lawyer's honesty), Rule 8.4(c) (engaging in conduct involving moral turpitude), Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation), and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice) of Rule 407, SCACR.

■ The authority to discipline attorneys and the manner in which the discipline is given rests entirely with the Supreme Court. *Matter of Marshall*, —— S.C. ——, 498 S.E.2d 869 (1998). The Court has disbarred attorneys for similar instances of misconduct. *Matter of Sturkie*, —— S.C. ——, 489 S.E.2d 924 (1997); *Matter of Mundy*, 326 S.C. 194, 485 S.E.2d 381 (1997); *Matter of Boyle*, 316 S.C. 375, 450 S.E.2d 578 (1994); *Matter of Edwards*, 323 S.C. 3, 448 S.E.2d 547 (1994).

■ We conclude respondent's misconduct warrants disbarment from the practice of law.[1] Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of the Court showing he has complied with Rule 30 of Rule 413, SCACR. In addition to all other requirements respondent must meet to be reinstated under Rule 413, no petition for reinstatement shall be accepted until respondent has filed proof he has made full restitution to all institutions and individuals who have lost money as a result of his fraudulent acts or mishandling of trust funds, including restitution to the Lawyers' Fund for Client Protection for any payment it may make.

**DISBARRED.**

---

[1]. Because he failed to appear for oral argument before this Court, respondent is deemed to have agreed to the sanction imposed. Rule 24(b), RLDE.