564 S.E.2d 673

**In the Matter of Curtis L. MURPH, Jr., Respondent.**

**No. 25479.**

Supreme Court of South Carolina.

Heard May 16, 2002.

Decided June 3, 2002.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Curtis L. Murph, Jr., of Columbia, pro se.

PER CURIAM:

In this attorney grievance matter, the Office of Disciplinary Counsel filed formal charges against respondent, alleging mis-

conduct in eighteen different matters. Respondent did not answer the formal charges nor did he appear at the hearing before the sub-panel. The sub-panel and, thereafter, a full panel, found respondent in default and recommended disbarment.

Failure to answer formal charges or to appear when specifically ordered by the hearing panel shall constitute an admission of the factual allegations in the complaint. Rule 24(b), RLDE, Rule 413, SCACR. Because respondent failed to respond to the formal charges against him and failed to appear at the hearing before the sub-panel, the following allegations set forth in the formal charges are deemed admitted:

1. On June 22, 2000, respondent entered into an Agreement for Pretrial Diversion with the United States Attorney pursuant to which he admitted making false statements to the Federal Bureau of Investigation and other law enforcement entities and providing false information to the Columbia Police Department about public officials and other persons he alleged were involved in criminal activities.

2. In sixteen matters, respondent failed to represent his clients diligently and/or failed to communicate with them adequately. In all but two of those matters, respondent also failed to respond to one or more communications from Disciplinary Counsel.

3. In three matters, respondent misrepresented to his clients the status of the matters he was handling for them.

4. In two matters, respondent failed to handle matters competently.

5. Respondent failed to return files in four matters and lost his client's file in another matter.

6. Respondent failed to receive permission to withdraw as counsel in one matter, had no written contingency agreement in another matter and asked his client to sign a document releasing him from liability in a third matter.

7. Respondent failed to earn or return fees in four matters. In another matter he failed to either refund the fee or provide an accounting as to the fee, although an allegation was not made that the fee was unearned.

8. Respondent undertook to represent a party at a loan closing and appeared with the client at the loan closing even though he was on interim suspension at the time.

9. Respondent failed to cooperate with the attorney appointed to protect his clients' interests. An investigative panel issued an order dated October 20, 2000, directing him to cooperate with the appointed attorney.

10. Respondent accepted a fee to represent a client at a bond hearing when he was on interim suspension. Respondent failed to inform the client that he was suspended and failed to return the fee. Respondent failed to respond to letters from Disciplinary Counsel regarding this matter.

11. Respondent failed to maintain any bank accounts for either trust or office operation purposes. Respondent claimed he had not handled client funds; however, he accepted attorney fees from clients, failed to earn the fees paid, and neither refunded the fees nor maintained any funds in an account from which a refund could be made.

The sub-panel determined respondent committed misconduct in violation of the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to represent a client competently); Rule 1.2 (failing to consult with his client as to the objectives of the representation and the means by which they are to be achieved); Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (failing to keep a client reasonably informed about the status of a matter and comply promptly with reasonable requests for information); Rule 1.5(a) (charging an unreasonable fee); Rule 1.5(c) (failing to have a contingency fee agreement in writing); Rule 1.15 (appropriating clients' funds to his own use, failing to deliver promptly to a client or third person funds that the client or person was entitled to receive, and failing to render promptly a full accounting regarding property of the client or third person); Rule 1.16 (terminating representation without taking steps to protect client interests); Rule 4.1(a) (making a false statement of material fact or law to a third person); Rule 8.1(b) (failing to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing criminal acts that reflect adversely upon his honesty, trustworthiness and fitness as a lawyer); Rule 8.4(c)

4

(engaging in conduct involving moral turpitude); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

The sub-panel further determined that respondent violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6) (violating the oath of office taken upon admission to the practice of law); Rules 30 and 34 (practicing law while under suspension). Finally, the sub-panel determined respondent failed to comply with the financial recordkeeping requirements of Rule 417, SCACR.

Because the factual allegations set forth in the formal charges are deemed admitted, the only issue before the Court is the appropriate sanction. *In the Matter of Kitchel,* 347 S.C. 291, 554 S.E.2d 868 (2001); *In the Matter of Thornton,* 327 S.C. 193, 489 S.E.2d 198 (1997). In *In the Matter of Hall,* 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998), the Court stated the following:

> An attorney usually does not abandon a license to practice law without a fight. Those who do must understand that "neglecting to participate [in a disciplinary proceeding] is entitled to substantial weight in determining the sanction." *In the Matter of Sifly,* 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983). An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous or indifferent lawyers.

In the case at hand, respondent's failure to answer the formal charges and appear at the hearing before the sub-panel, when coupled with his admission that he committed criminal acts, his failure to respond to Disciplinary Counsel, the fact that he practiced law on two occasions while on suspension, the fact that he has failed to earn or return over

$7,000 in fees, and his failure to represent clients competently and diligently in numerous cases, warrants the severe sanction of disbarment. *See In the Matter of Hall,* 341 S.C. 98, 533 S.E.2d 588 (2000) (neglect of legal matters, practicing law while under suspension, and failure to respond to disciplinary authority warranted disbarment); *In the Matter of Wofford,* 330 S.C. 522, 500 S.E.2d 486 (1998) (disbarring attorney who failed to answer formal charges, appear at panel hearing or before Court; attorney in several cases failed to provide competent representation, keep clients reasonably informed, and promptly deliver funds to third person; attorney also misappropriated client funds and committed criminal acts); *In the Matter of Meeder,* 327 S.C. 169, 488 S.E.2d 875 (1997) (engaging in practice of law while under suspension, coupled with failure to provide competent representation, act with reasonable diligence and promptness in representing client, keep client reasonably informed about status of matter and promptly comply with reasonable requests for information, or cooperate with disciplinary investigation warranted disbarment); *In the Matter of Edwards,* 323 S.C. 3, 448 S.E.2d 547 (1994)(attorney disbarred for failing to keep clients informed, misappropriating or improperly using client funds, knowingly presenting false testimony, and failing to cooperate in investigation of disciplinary charges against him); *In the Matter of Sifly,* 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983)(disbarring attorney who failed to appear before the disciplinary panel or the Court; attorney mishandled two cases and wrote bad checks). Accordingly, respondent is hereby disbarred retroactive to the date of his interim suspension.[1]

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. Respondent was placed on interim suspension by order dated October 6, 2000. *In the Matter of Murph,* 342 S.C. 615, 538 S.E.2d 652 (2000).