702 S.E.2d 241

**In the Matter of Jessica R. BONEY, Respondent.**

**No. 26893.**

Supreme Court of South Carolina.

Submitted Oct. 20, 2010.

Decided Nov. 15, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jessica R. Boney, of Union, pro se Respondent.

PER CURIAM.

In this attorney disciplinary matter, the Commission on Lawyer Conduct ("Commission") investigated allegations of misconduct involving Jessica R. Boney ("Respondent") in six matters, including the failure to keep clients reasonably informed, the mishandling of client funds, and the failure to act with due diligence. The Office of Disciplinary Counsel ("ODC") filed formal charges against Respondent. A hearing panel of the Commission ("Hearing Panel") issued its Panel Report recommending disbarment based on the underlying misconduct, Respondent's failure to fully cooperate in the disciplinary investigation, and her failure to answer the formal charges and appear at the hearing on those charges. The Hearing Panel also recommended that Respondent be required to pay the costs of these proceedings and to reimburse the Lawyers' Fund for Client Protection for any amounts paid on her behalf. Neither Respondent nor ODC has filed a brief taking exception to the Panel Report. We agree with the recommendation of the Hearing Panel and hereby disbar Respondent for her misconduct.

## I.  FACTS

Respondent was admitted to the practice of law in South Carolina on September 23, 2003.  Respondent closed her law practice in Union, South Carolina and left the state in January 2006.

By order of the Court, she was placed on interim suspension on February 1, 2006 and Sammy Diamaduros was appointed to protect her clients' interests.

The South Carolina Commission on Continuing Legal Education ("CLE") and Specialization administratively suspended Respondent from the practice of law on April 1, 2007 for failing to comply with CLE requirements.  By order dated June 6, 2007, this Court formally suspended Respondent and ordered her to surrender her certificate to practice law in this state for her continued failure to meet the CLE requirements.

On October 6, 2009, ODC filed formal charges with the Commission alleging Respondent had committed misconduct in six matters.  The formal charges were served on Respondent by certified mail sent to her last two known addresses.

Respondent failed to file an answer or otherwise respond to the formal charges, and a Default Order was issued by the Commission.  The Hearing Panel subsequently conducted a hearing on the formal charges to determine the appropriate, recommended sanction, but Respondent did not appear and she was not represented by counsel.

The Hearing Panel found the allegations in the six matters were deemed admitted pursuant to Rule 24(b) of the Rules for Lawyer Disciplinary Enforcement ("RLDE"), contained in Rule 413, South Carolina Appellate Court Rules ("SCACR"), as a result of Respondent's default.  The allegations, now deemed admitted, are as follows.

### A.  The E. Gault Matter

Ms. E. Gault consulted Respondent about possibly filing for bankruptcy.  At that time, Respondent worked as an associate at the Fleming Law Firm. Respondent met with Gault and advised her that she should not file for bankruptcy.  Respondent believed Gault left the meeting considering whether to accept her advice.  The Fleming Law Firm collected $610.00

from Gault, but Respondent did no work on the file and had no further communication with Gault until after she left the Fleming Law Firm two months later.

The client files Respondent took with her to her new practice were determined by Mr. Fleming. Respondent did not take Gault's file. When Gault contacted her several weeks later, Respondent referred her to the Fleming Law Firm, but thereafter someone from the firm delivered Gault's file to Respondent's new office. Respondent again reviewed the matter and advised Gault not to file for bankruptcy.

Gault continued to call Respondent's office and, at one point, paid $110.00 to Respondent's secretary. Respondent failed to ensure that Gault understood her advice and failed to take affirmative steps with Fleming to determine which files she was going to handle after her departure.

Respondent timely responded to ODC's initial inquiry in this matter, but did not timely respond to the notice of full investigation.

## B. The Malpass Matter

Respondent was appointed to represent Mr. Malpass in a criminal matter, and she appeared at a hearing on his behalf. Another individual, Ms. Moore, made numerous unsuccessful attempts to contact Respondent by phone and in person at her office on behalf of Malpass. Respondent did not have permission from Malpass to talk to Moore about his case; however, Respondent never consulted with Malpass about whether he would give her permission to speak to Moore, despite Moore's repeated inquiries.

Respondent was placed on interim suspension while she was waiting for an evaluation to submit to the court regarding Malpass's release. She failed to turn over Malpass's file to the attorney appointed to protect her clients' interests, and to date Respondent has been unable to locate the file.

Respondent did not timely respond to the notice of full investigation in this matter.

## C. The Sloan Matter

Respondent conducted a real estate closing in December 2005 at which Mr. Sloan was the borrower. Respondent's paralegal miscalculated the payoff of Sloan's mortgage and Respondent did not catch this error. Sloan learned of this when he received a notice from his mortgage company in January 2006.

After Sloan was unable to reach Respondent, he enlisted the assistance of the other party to the transaction, who then contacted Respondent. Respondent issued a check for the correct amount to Sloan's lender. Respondent made up the difference resulting from her miscalculation from her attorney's fee.

Respondent did not timely respond to the notice of full investigation in this matter.

## D. The T. Gault Matter

Respondent represented Mr. T. Gault in a domestic matter. After the hearing, the judge instructed Respondent to prepare an order. Respondent prepared and submitted the order, which the judge signed within eight days of the hearing. The same week, Respondent suffered from a serious medical episode. She then closed her office and moved out of state. The order was not actually filed until two and a half months after it was signed.

Respondent did not take appropriate steps to notify Gault or the court about the closing of her office and her departure from the state, or to protect Gault's interests upon her unilateral termination of representation. Respondent did not turn Gault's file over to the attorney appointed to protect her clients' interests and to date she has been unable to locate the file.

## E. The Canupp Matter

Ms. Canupp paid Respondent a $2,000.00 retainer in December 2005 to represent her on a DUI charge. Respondent represented to ODC that she referred Canupp's case to Mr. Wood, an attorney who agreed to take her cases when she

closed her office. Wood subsequently died, however, and Respondent was unable to locate Canupp's file.

Respondent has no record of depositing Canupp's fee into her trust account or paying it to attorney Wood, and she is unable to recall or document what she did with the fee. The Lawyers' Fund for Client Protection has reimbursed Canupp the full amount of the fee she paid to Respondent.

## F. The Spoone Matter

Respondent was appointed to represent Mr. Spoone in a Department of Social Services ("DSS") matter. At the time Respondent closed her office and left South Carolina in January 2006, a hearing had been scheduled for March 2006. Respondent did not seek to be relieved as counsel or take steps to protect Spoone's interests, and she did not turn over Spoone's file to the attorney appointed to protect her clients' interests while she was on interim suspension. To date she has been unable to locate Spoone's file.

## G. Hearing Panel's Findings of Misconduct

The Hearing Panel found that by her conduct, Respondent was subject to sanctions for violating the following Rules of Professional Conduct (RPC) of Rule 407, SCACR: Rule 1.1 (competence), Rule 1.2 (scope of representation), Rule 1.4 (communication with clients), Rule 1.5 (fees), Rule 1.15 (safekeeping property), Rule 1.16 (terminating representation), and Rule 8.1 (failure to respond to disciplinary authority).

The Hearing Panel further found Respondent is subject to discipline for violating the following provisions of the RLDE contained in Rule 413, SCACR: Rule 7(a)(1), RLDE (violating the RPC); Rule 7(a)(3), RLDE (knowing failure to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5), RLDE (engaging in conduct tending to pollute the administration of justice, tending to bring the legal profession into disrepute, and demonstrating an unfitness to practice law); and Rule 7(a)(6), RLDE (violating the Oath of Office taken upon the admission to practice law in South Carolina).

## H. Aggravating and Mitigating Circumstances

The Hearing Panel took two aggravating factors into consideration: (1) Respondent failed to fully cooperate in the disciplinary investigations, and (2) Respondent did not answer the formal charges or appear at the hearing.

The Hearing Panel noted Respondent had failed to appear at the hearing to offer evidence in mitigation, but that disciplinary counsel did report to the Hearing Panel "that Respondent had suffered a medical emergency and a subsequent domestic issue in 2005 and 2006 that interrupted her law practice and resulted in her leaving the state unexpectedly."

Respondent did return to the state for a time and during one interval she cooperated in the disciplinary investigation and was represented by counsel. However, on March 25, 2008 the Commission Chair granted counsel's motion to be relieved on the ground that he had been unable to communicate with Respondent. Respondent corresponded with ODC in April 2008, but she did not appear in August 2008 as required by an ODC subpoena and she has not contacted ODC since July 2008.

Because of these circumstances, the Hearing Panel found that Respondent's alleged "medical condition and domestic issue do not mitigate the sanction in this matter since she did not answer or appear to offer any evidence in that regard." The Hearing Panel did take into account, however, the fact that Respondent has no disciplinary history.

## I. Hearing Panel's Recommended Sanction

The Hearing Panel recommended the sanction of disbarment and that Respondent be ordered to pay the costs of these proceedings. The recommendation was based on the underlying misconduct, Respondent's failure to fully cooperate in the disciplinary investigation, and her failure to answer the formal charges and appear at the hearing. By letter of April 22, 2010 to this Court, the Commission reported the costs incurred amounted to $411.69.

The Hearing Panel also recommended that "Respondent be ordered to reimburse the Lawyers' Fund for Client Protection

for any amount paid to clients as a result of her misconduct prior to readmission to the practice of law." [1]

## II. LAW/ANALYSIS

Neither Respondent nor ODC has filed a brief raising any exceptions to the Panel Report. In addition, as noted by the Hearing Panel, Respondent did not answer the formal charges, for which she was deemed in default, and she did not appear at the hearing on these matters.

"Failure to answer the formal charges shall constitute an admission of the factual allegations." Rule 24(a), RLDE, Rule 413, SCACR. "If the respondent should fail to appear when specifically so ordered by the hearing panel or the Supreme Court, the respondent shall be deemed to have admitted the factual allegations which were to be the subject of such appearance and to have conceded the merits of any motion or recommendations to be considered at such appearance." *Id.* Rule 24(b), RLDE.

"The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court." *In re Tullis*, 375 S.C. 190, 191, 652 S.E.2d 395, 395 (2007). The Court "has the sole authority ... to decide the appropriate sanction after a thorough review of the record." *In re Thompson*, 343 S.C. 1, 10, 539 S.E.2d 396, 401 (2000). "The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law." *In re Hazzard*, 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008).

A disciplinary violation must be proven by clear and convincing evidence. *In re Greene*, 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); *see also* Rule 8, RLDE, Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").

Based on Rule 24 of the RLDE, the factual allegations against Respondent are deemed admitted and we agree with

---

1. Disciplinary counsel noted at the hearing in this matter that the Fund has reimbursed Canupp the $2,000.00 that Respondent could not account for, and it has also "paid some other claims, but they are not related to these complainants."

disciplinary counsel that such acts constitute misconduct. Having found disciplinary counsel has met the burden of establishing Respondent's misconduct by clear and convincing evidence, this Court need only determine the appropriate sanction and whether to accept the Hearing Panel's recommendation of disbarment. *See In re Jacobsen,* 386 S.C. 598, 606, 690 S.E.2d 560, 564 (2010) ("Because Respondent has been found in default and, thus, is deemed to have admitted to all of the factual allegations, the sole question before the Court is whether to accept the Panel's recommended sanction.").

In recommending the sanction of disbarment for Respondent, the Hearing Panel cited to several instances where attorneys were disbarred for failing to answer formal charges or appear at a panel hearing in addition to committing other acts of misconduct.

In the first, *In re Tullis,* 375 S.C. 190, 652 S.E.2d 395 (2007), the attorney failed to file an answer to the formal charges; therefore, he was in default and the factual allegations were deemed admitted. This Court observed the attorney "failed to adequately communicate with his clients, failed to act with diligence and competence; misused and mismanaged trust account funds; and failed to respond to Disciplinary Counsel inquiries and notices of full investigation regarding these matters." *Id.* at 192, 652 S.E.2d at 396. We noted the attorney had an extensive disciplinary history, including a public reprimand and a suspension. *Id.* at 193 n. 2, 652 S.E.2d at 396 n. 2. We held the sanction of disbarment was justified and also ordered the attorney to make $410.00 in restitution and pay the costs of the disciplinary proceeding. *Id.* at 193–94, 652 S.E.2d at 396.

In another case, *In re Murph,* 350 S.C. 1, 4–5, 564 S.E.2d 673, 675 (2002), we stated the attorney's "failure to answer the formal charges and appear at the hearing before the subpanel, when coupled with his admission that he committed criminal acts, his failure to respond to Disciplinary Counsel, the fact that he practiced law on two occasions while on suspension, the fact that he has failed to earn or return over $7,000 in fees, and his failure to represent clients competently

and diligently in numerous cases, warrants the severe sanction of disbarment."

This Court stated an attorney's failure to answer charges or appear to defend the misconduct is to be accorded "substantial weight" and is likely to result in "the most severe sanctions":

> An attorney usually does not abandon a license to practice law without a fight. Those who do must understand that "neglecting to participate [in a disciplinary proceeding] is entitled to substantial weight in determining the sanction." *In the Matter of Sifly*, 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983). An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous or indifferent lawyers.

*Id.* at 4, 564 S.E.2d at 675 (quoting *In re Hall*, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998) (alteration in original)).

In the case of *In re Wofford*, 330 S.C. 522, 500 S.E.2d 486 (1998), the Court determined disbarment was appropriate where the attorney failed to answer the formal charges or appear at the panel hearing or the hearing before this Court (and thus was deemed to have admitted the factual allegations in the charges), failed to provide competent representation, failed to keep clients reasonably informed, misappropriated client funds, and committed criminal acts.

In the current matter, Respondent's abandonment of her law practice without appropriate regard for the interests of her clients, and her subsequent misconduct in failing to answer the formal charges, failing to submit to ODC's subpoena, and failing to appear at the hearing convened by the Hearing Panel, as well as her continued failure to participate in the disciplinary process, warrant her disbarment.

Respondent has not communicated with ODC for over two years and, according to an investigator with the South Carolina Law Enforcement Division (SLED), she has left the state. At this point, the only facts that are certain are that Respondent has abandoned her clients and her law practice in this state and the reasons for this conduct have not been

substantiated. Respondent has presented no evidence in mitigation at any stage of this proceeding.

In the case of *In re Okpalaeke,* 374 S.C. 186, 648 S.E.2d 593 (2007), the attorney was aware formal charges were being brought against him, but he left the state and apparently had no intention of returning (the last entry on his passport was Amsterdam, Holland). This Court noted the charges against the attorney described approximately nine acts of misconduct, including failing to properly disburse settlement money, threatening criminal prosecution to gain advantage in a civil matter, and systematically failing to properly oversee and fulfill the financial obligations of his law practice. This Court accepted the Hearing Panel's recommendation of disbarment, stating Respondent had "shown no regard for the status of his license to practice law in South Carolina":

> [W]e agree with the Panel's finding that Respondent's conduct indicates an obvious disinterest in the practice of law. By all accounts, Respondent has left this jurisdiction with no apparent intention of returning. Respondent departed this jurisdiction with the knowledge that disciplinary action against him was imminent, and since his departure, Respondent has shown no regard for the status of his license to practice law in South Carolina. As this Court has noted, a central purpose of the attorney disciplinary process is to protect the public from unscrupulous or indifferent lawyers. *In re Hall,* 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998). Furthermore, we have disbarred attorneys who fail to answer formal charges or appear at hearings before the Panel or this Court in egregious cases.

*Id.* at 194, 648 S.E.2d at 597–98 (footnote omitted).

## III. CONCLUSION

Based on the foregoing, we agree with the Hearing Panel's recommended sanction of disbarment. This is warranted based on Respondent's abandonment of her law practice and other acts of misconduct. Having found Respondent has committed sanctionable misconduct, we hold she is required to pay the costs of these proceedings and to reimburse the

418

Lawyers' Fund for Client Protection for any amounts paid to clients on her behalf, as recommended by the Hearing Panel.

**DISBARRED.**