704 S.E.2d 347

**In the Matter of Heather Anne GLOVER, Respondent.**

**No. 26908.**

Supreme Court of South Carolina.

Submitted Oct. 20, 2010.

Decided Jan. 7, 2011.

644

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Heather Anne Glover, pro se, of Horatio.

PER CURIAM.

In this attorney discipline matter, Respondent Heather Anne Glover failed to respond to several charges of failure to communicate with or diligently represent her clients. Though she was served with notice of a full investigation, Respondent failed to cooperate in the Office of Disciplinary Counsel's investigation and failed to appear at a hearing before the Commission on Lawyer Conduct. Moreover, it appears Respondent has moved from the state without providing a forwarding address. Accordingly, we find Respondent has abandoned the practice of law. Respondent is disbarred.

## I.

Ms. Glover was employed by a Georgia law firm and served as the South Carolina representative of that firm. When the Georgia law firm closed, Ms. Glover notified her clients that they could either continue the representation or retrieve their files. Beginning in late 2006, the Office of Disciplinary Counsel ("ODC") began receiving complaints alleging Ms. Glover failed to respond to her clients' attempts to contact her by telephone, electronic mail, and fax. ODC received seven complaints of this kind.

According to these complaints, Ms. Glover's inaction resulted in prejudice to several of her clients. Specifically, in three matters, Ms. Glover purported to withdraw from representation but did not notify the opposing parties of this fact. As a result, the opposing parties refused to negotiate settlements with Ms. Glover's clients directly, and the statute of limitations

expired without a lawsuit having been filed on the clients' behalf. Similarly, in a fourth matter, Ms. Glover failed to file a lawsuit on behalf of her client before the statute of limitations expired.

Respondent was served with Supplementary Notices of Full Investigation with regard to six of these complaints on June 4, 2008. She did not respond to these notices.

ODC mailed a Notice of Formal Charges to the address Respondent had on file with the South Carolina Bar, but the notice was returned undelivered with a note indicating Respondent had moved and had not left a forwarding address.[1] Respondent has not notified the South Carolina Bar of any change of address. *See* Rule 410(e), SCACR ("It shall be the responsibility of all members of the Bar to notify the Secretary of the South Carolina Bar ... of any change of physical or e-mail address within ten days of such change. The member's address which is on file with the South Carolina Bar shall be the address which is used for all purposes of notifying and serving the member.").

Respondent failed to respond to the formal charges filed against her. ODC moved for a default and requested a hearing before a panel of the Commission on Lawyer Conduct ("the Panel") to determine the appropriate sanction. Respondent failed to appear at the hearing.

## II.

The Panel found Respondent violated the following Rules of Professional Conduct: Rule 1.1 (competence), Rule 1.3 (diligence), Rule 1.4 (communication), Rule 1.16 (declining or terminating representation), Rule 3.2 (expediting litigation), Rule 8.1 (bar admission and disciplinary matters), and Rule 8.4(d) (misconduct involving dishonesty, fraud, deceit, or misrepresentation).[2]

---

1. ODC obtained an address for Respondent from another member of the Bar. This address was in Colorado. ODC mailed a Notice of Formal Charges to the Colorado address, but the notice was returned unclaimed.

2. In addition to the seven client complaints, ODC received a complaint from Ms. Glover's former employer alleging Ms. Glover failed to remit

Further, the Panel found two aggravating factors: failure to cooperate in disciplinary investigations; and failure to answer formal charges or appear at the Panel hearing.[3] In light of these findings, the Panel recommended Respondent be disbarred.

## III.

This Court "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE, Rule 413, SCACR.

An attorney's failure to answer the formal charges against her is an admission of the factual allegations set forth in those charges. Rule 24(a), RLDE, Rule 413, SCACR. Similarly, an attorney's failure to appear before the Panel when ordered to do so is an admission of the factual allegations that were the subject of the hearing. Rule 24(b), RLDE, Rule 413, SCACR.

## IV.

We find Respondent has committed misconduct in the respects identified by the Panel, except that there is no evidence Respondent committed misconduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(d), RPC, Rule 407, SCACR. Thus, we find Respondent violated the following Rules of Professional Conduct: Rule 1.1 (competence), Rule 1.3 (diligence), Rule 1.4(a) (communication), Rule 1.16 (declining or terminating representation), Rule 3.2 (expediting litigation), and Rule 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority).

---

the employer's portion of certain fees. The Panel did not make any finding of misconduct based on this allegation, other than that Ms. Glover failed to respond.

3. In addition to the aggravating factors found by the Panel, we note Respondent has a disciplinary history that includes an April 2008 suspension for failure to pay annual license fees and assessments and a June 2008 suspension for failure to comply with continuing legal education requirements. In October 2008, Respondent was placed on interim suspension and an attorney was appointed to represent her clients' interests.

We find the Panel's recommendation of disbarment is appropriate. As we have stated on numerous occasions, an attorney who "fail[s] to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law." Attorneys who engage in such conduct face severe sanctions "because a central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers." *In re Hall,* 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998); *see, e.g., In re Tullis,* 375 S.C. 190, 192, 652 S.E.2d 395, 395–96 (2007) (quoting this language from *Hall); In re Murph,* 350 S.C. 1, 4, 564 S.E.2d 673, 675 (2002) (same); *see also In re Sifly,* 279 S.C. 113, 302 S.E.2d 858 (1983) (disbarring an attorney who failed to timely file an appeal on behalf of a client, failed to adequately represent a client in a trust fund matter resulting in significant monetary loss to the client, drew checks on his personal account that were not sufficiently funded, had a civil default judgment entered against him, and failed to cooperate with disciplinary authorities or appear to contest the charges against him).

Respondent's failure to respond to ODC or to the Panel, together with her failure to provide the South Carolina Bar with a current address, indicates Respondent has abandoned the practice of law. This conduct warrants disbarment. In addition, Respondent's lack of diligence resulted in serious harm to her clients: they were prevented from reaching settlements and their potentially meritorious claims were time-barred.

## V.

Respondent is hereby disbarred, in accord with our precedent regarding the abandonment of the practice of law. Within fifteen days of the date of this opinion, Respondent shall surrender her certificate of admission to practice law and shall file an affidavit with the Clerk of Court showing she has complied with Rule 30, RLDE, Rule 413, SCACR. Pursuant to the Panel's recommendations, Respondent shall pay the costs of the Panel proceedings and, before she may be readmitted to practice in this state, Respondent shall reimburse

the Lawyers' Fund for Client Protection for any amounts paid to her clients as a result of her misconduct.

**DISBARRED.**