# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Christopher W. Burrows, Respondent.

Appellate Case No. 2026-000082

Opinion No. 28335
Submitted May 1, 2026 – Filed May 27, 2026

## DISBARRED

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Kristina Jones Catoe,
both of Columbia, for the Office of Disciplinary Counsel.

Christopher W. Burrows, of Charleston, pro se.

**PER CURIAM:** Formal charges were filed against Respondent Christopher W. Burrows on May 16, 2025, alleging various instances of misconduct, including failing to diligently handle client matters, failing to communicate with his clients, and failing to respond to the Office of Disciplinary Counsel (ODC) or participate in the disciplinary investigation. On these charges, a panel of the Commission on Lawyer Conduct (Panel) recommended that Respondent be disbarred. Neither party has filed exceptions to the Panel's report. We accept the Panel's recommendation and disbar Respondent.

## I.

On August 7, 2023, ODC issued a Notice of Investigation (NOI) after receiving a complaint that Respondent was not returning client phone calls. Respondent submitted a brief response to the NOI on August 22, 2023, indicating he was closing his law practice due to personal reasons, admitting he failed to return phone calls, and offering to refund unused retainer balances. On September 21, 2023, ODC requested additional information from Respondent; however,

Respondent failed to respond to this inquiry or to two other follow-up inquiries on October 12, 2023, and November 9, 2023. On December 5, 2023, ODC served Respondent with a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982) (explaining that failure to respond to a disciplinary authority constitutes misconduct), but Respondent failed to respond or comply.

Following receipt of another complaint, a second NOI was issued on May 21, 2024. Respondent again failed to respond to this NOI or a subsequent *Treacy* letter issued in that matter. On January 13, 2025, an agent of the South Carolina Law Enforcement Division (SLED) personally served Respondent with a Notice to Appear on February 11, 2025, for an interview pursuant to Rule 19, RLDE, Rule 413, SCACR. Respondent failed to appear for the interview.[1]

Formal charges were filed against Respondent on May 16, 2025, alleging Respondent failed to promptly and diligently perform work for his clients, failed to reasonably communicate with his clients, and failed to respond or cooperate with the disciplinary investigation. These formal charges were served upon Respondent via his mail and email addresses listed in the Attorney Information System (AIS).[2] However, SLED was unable to locate Respondent to serve him personally. Respondent failed to answer, and an order of default was issued against him on July 22, 2025, and all allegations were deemed admitted.

On September 23, 2025, the Panel convened a hearing for purposes of recommending a final disposition of these matters to this Court. Despite being properly served with notice of the hearing, Respondent failed to appear. At the

---

[1] In 2024, Respondent was administratively suspended for failing to pay his annual license fees and failing to comply with continuing legal education requirements. *In re Admin. Suspensions for Failure to Pay License Fees*, S.C. Sup. Ct. Order dated Mar. 15, 2024; *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated May 1, 2024. On May 15, 2024, the Receiver was appointed to protect the interests of Respondent's clients. *In re Burrows*, S.C. Sup. Ct. Order filed May 15, 2024. Respondent failed to communicate or cooperate with the Receiver at any point during the receivership.

[2] *See* Rule 410(e) & (g), SCACR (imposing a continuing duty upon all lawyers to verify and update their information in AIS to ensure that it is current and accurate at all times and providing that the mailing and email addresses shown in AIS shall be used for the purposes of notifications and service).

hearing, ODC summarized the procedural history of the case and Respondent's persistent failure to cooperate or respond.

In determining the proper sanction, the Panel considered as aggravating factors: (1) Respondent's intentional failure to cooperate or participate in the disciplinary process; and (2) Respondent's failure to acknowledge wrongdoing and express remorse. The Panel concluded Respondent's indifference towards this matter and his failure to engage in the disciplinary proceedings indicates Respondent has abandoned his law license. Accordingly, the Panel recommended that Respondent be disbarred.

## II.

Because Respondent failed to respond to the formal charges, all allegations of misconduct were deemed admitted. *See* Rule 24(a), RLDE, Rule 413, SCACR (providing failure to answer formal charges "shall constitute an admission of the allegations). We find Respondent's misconduct as set forth in the formal charges violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (requiring diligence and promptness in representing a client); Rule 1.4(a) (requiring reasonable communication with a client); and Rule 8.1(b) (requiring responses to lawful demands for information from ODC). We further conclude Respondent's misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct constitutes a ground for discipline); Rule 7(a)(3) (providing a willful failure to appear personally as directed and a knowing failure to respond to a lawful demand from a disciplinary authority constitute grounds for discipline); and Rule 7(a)(5) (providing conduct tending to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law constitute grounds for discipline).

In light of Respondent's failure to participate in the disciplinary process, we accept the Panel's recommendation and disbar Respondent. *See In re Boney*, 390 S.C. 407, 416, 702 S.E.2d 241, 245 (2010) (observing that "[a]n attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law" and is "likely to face the most severe sanctions"). Within fifteen (15) days, Respondent shall serve and file an affidavit with this Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and surrender his Certificate of Admission to the Practice of Law to the Clerk of the Supreme Court. Within thirty days, Respondent shall pay or enter into

a reasonable installment plan to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**DISBARRED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, and VERDIN, JJ., concur.**